Case No. 23-5012 Lamar A. Forbes, Appellant, v. Terrence B. Emeritt, Acting Secretary of the Navy, and Joseph Machetto, Chairman, Naval Clemency and Parole Board. Mr. Feldmeier for the Appellant, and Mr. Henshelwood for the Appellees. Good morning, Counsel. Mr. Feldmeier, please proceed when you're ready. Thank you. Good morning, Chief Judge and members of the Court. I'm Robert Feldmeier, representing Lamar Forbes, the Appellant in this case. Lamar Forbes received an eight-year term of confinement for having consensual sexual relations with four women. He served that sentence because of a non-transmissible, non-contagious case of HIV. This is not my opinion. This is the view of the CDC and every major medical organization in this country. Despite the fact that he did not and could not infect anyone with his non-transmissible HIV, military courts transformed, used that infection to transform his consensual sexual relationships into sexual assault. The UCMJ contains no provision negating consent on the basis of a non-transmissible, non-disclosed infection. I'm curious, like how did the Navy find out about this? One of the women with whom he's involved informed Naval Criminal Investigation Service, Your  And then they investigated further and found the other three. Yes, Your Honor. Yes, Your Honor. Because the UCMJ contains no provision criminalizing this conduct, under Article 120, military courts did not have jurisdiction to convict my subject matter jurisdiction to my client of it. Given my limited time, however, I'd like to focus on the due process piece. Even if this court finds that there is, this is not a subject matter jurisdiction issue and is a due process issue, I'd just like to walk the- Was that properly before us, the due process argument? Did you raise that? Yes, Your Honor. Before the military courts? Yes, Your Honor. And where in the record did you do that? Because we looked and we couldn't find it. In briefing both before the Navy and Marine Corps Court of Criminal Appeals and in the Court of Criminal Appeals to the Armed Forces. We looked at your briefing. Can you tell me where, what pages of your briefing? The issue that my client did not have notice was repeatedly raised and it was raised in oral argument as well. But it wasn't raised as a due process argument? I mean, the fact, the lack of notice is due process, Your Honor. I mean, I- But you have to put the court on notice that you're making a due process argument, don't you? I, yes, Your Honor. In briefing before the Navy and Marine Corps Court of Criminal Appeals uses explicitly the term due process. See, we searched for that and we couldn't find it. So if you could just let me know the page numbers, maybe on rebuttal. Yes, Your Honor. Okay. Yes, Your Honor. So I just want to make sure that your representation is that in the briefing, the actual moniker due process was used? Yes, Your Honor. With respect to this argument? Yes, Your Honor. That he did not have notice on the basis of military case law as it existed at the time that his conduct was criminalized. There are two lines of cases. The first, under Article 120, deals with fraud in the factum versus fraud in the inducement. And the Court of Appeals here enforces reference to this distinction in its decision. The fraud in the factum, fraud in the inducement distinction was discussed in the United States Rebooker in 1987 and the United States Recard in 2007, in which Kaff said that only misrepresentations as to the member of a realist performing the penetration or as to a medical purpose for a sexual act negated consent. Everything else was fraud in the inducement, did not negate consent. In the Article 128 context, in 1991 in Perez, the Army Court of Military Review and in 1997, the Court of Appeals here enforces in Joseph required a risk of transmission in order for an offense to occur under Article 128. My client's first alleged criminal acts occurred in 2013, that's spec one. 2014 was spec two. Gutierrez was issued in 2015 and in my client's Providency Inquiry, he did not discuss any sex act that occurred in 2015, only in 2014 at the start of the charge period. So Gutierrez does not inform the knowledge that my client had at the time he was committing his offenses as to whether or not his acts were prohibited. That notwithstanding, Gutierrez quotes to Joseph and also requires a risk of transmission. My client did not have notice that mere status without any risk of transmission negated consent. I just want to focus in the remaining 30 seconds that I'd like to spend in my opening argument on this court's precedent in Kaufman v. Secretary. This court does not consider constitutional claims in the way that the government suggests. This isn't a check-the-block exercise. When I was a young second lieutenant, I was repeatedly cautioned against check-the-block training. In other words, pro forma is. And this court does not treat a constitutional claim for a military habeas claim in a pro forma manner. It's not merely was the matter raised in military court, the military was considered, check. Did the military courts properly apply Supreme Court standards for constitutional matters, including due process? And the Court of Appeals here enforces in applying Gutierrez, A, in a manner that did not, that Gutierrez simply doesn't stand for, and B, in an ex post facto fashion, i.e. after the alleged, a decision that was decided after the alleged incidents occurred, violated GUI. I reserve the balance of my time pending questions from the court. Okay. Thank you. We'll give you the rest of the time for the rebuttal. Mr. Hinchwood. Good morning, Your Honors. And may it please the court, Brett Hinchwood for the government. Just a few points following on my colleague's presentation. First of all, in order to have a cognizable habeas claim here, he needs to bring either a constitutional or jurisdictional issue before this court. My colleague didn't address specifically the quote unquote jurisdictional claims he's attempted to bring here. But I just want to clarify that those claims are not properly cognizable and habeas at all insofar as they are, in fact, disputes, as I think the presentation illustrated, about the proper interpretation of military law, which is a judgment for the military courts, not reviewable in federal court habeas. And then separately, as to the due process question, which my colleague focused on primarily, as the discussion indicated, there's no indication that that argument was properly raised before the military courts. There is an obligation to present arguments before the military courts. This court explained in Kendall that it applies the same rules of procedural default to military court judgments that it applies, that would apply to a state court judgment that's being reviewed in habeas. And exactly the same principles would govern here. So before you would even get to this question about how adequately the court, the military courts considered, you know, Mr. Forbes's claims, you would first have to conclude not only that a claim is properly before you, but then also that it hasn't been defaulted by failure to raise it. The only thing that my colleague points to in his reply brief is something he added to the joint appendix, which is his reconsideration motion before the Court of Appeals for the Armed Forces. And if you look at page nine of his reply, he acknowledges that nowhere mentions due process or ex post facto. It continues to argue the same sort of statutory arguments that had been the thrust of the case, you know, really from the start. If they're happy to answer any questions. So there was a suggestion that the due process was raised before the military courts, but that's not the government's perspective is that that didn't happen, that due process were used in connection with the argument that was made. Certainly. I mean, the specific document he's pointed to as the source for that, which frankly was not part of the district court record, but, you know, he's added into the appendix here. That document, as his reply brief acknowledges, does not anywhere mention due process. And I think that that much is clear insofar as there may be other briefing that he submitted. I'm not aware of other references specifically to due process, but, you know, I think a central point of the district court's analysis on this was, you know, he can't have it both ways. Right. The district court said, look, this all appears to just be a rehash of the statutory argument that you've been making all along. And for that, of course, concession in the reply brief, I wouldn't necessarily saying concession. If you look at page nine of the reply brief, he says, you know, granted that document does not specifically say due process or ex post facto, you know, I think acknowledging just what's true on the face of the document, he says he's not required to say due process. Right. He says he wasn't required to. But I think he acknowledges implicit in that is that he didn't. I mean, the larger point he's making is that there was a notice argument and whether it's labeled due process, that we all know that a lack of notice is a due process problem. Well, so a couple of things about that. One, of course, is that no court is required to sort of go through and ferret out every argument that a particular plaintiff is making or a criminal defendant in this instance. And there's an obligation always on a plaintiff or a party to present the arguments to the court that they want the court to decide. And particularly in habeas review, where a court is engaged in, you know, considering the validity of the judgment of a coordinate court system, it's especially appropriate to require that plaintiffs properly advance and preserve arguments and give, you know, those courts, those coordinate courts, the opportunity to decide those questions, particularly where they relate to, you know, the core competence of the military courts, which is the meaning and scope of the UCMJ. So I don't think there's any, you know, basis here to say, well, you know, I sort of said some stuff that kind of sounds due process-y, so it's good enough. I don't think any court in habeas sort of applies that kind of relaxed approach to raising issues. If there are no further questions. I don't think there are. Thank you, your honors. Thank you, counsel. I'll be about four plus minutes left. Thank you, your honor. I must confess that I did not print out the appellate brief for the Navy Marine Corps Court of Criminal Appeals. However, I would point the court to the Marine Corps Court of Criminal Appeals decision in which it discussed matters such as voidness and discuss explicitly whether or not my client had noticed that his conduct was prohibited. That's a due process argument. Does the opinion say due process? The opinion doesn't say due process, it says voidness. You mean vagueness? Vagueness, as I was, your honor. So I'd also point out under the habeas rules, any gap in the military record is on the government because it's the government's responsibility to attach the military record of trial. It's not mine. But you say in your brief that you specifically claimed a due process violation in briefing. That's on page nine of your reply brief. And yet you're not able to. Before the Navy Marine Corps Court of Criminal Appeals, and I'm happy to provide precise citation by clerk's letter. I just didn't print out that brief from the military courts. I mean, it's cited in your brief. I feel like that's your burden to be able to cite the page number and provide the brief if you want to cite it. Your honor, I would also point the court to the fact, I mean, it's your honor's correct that it would have been a better part. It would have been if I could do it right now. But I would also point the court to the fact that, at least in a jurisdictional claim, when discussing the jurisdiction of courts martial, and this isn't part of jurisdictional claim, that the government has the burden to prove jurisdiction. It's not my burden to prove that there wasn't jurisdiction. And that's in McCleary. I very briefly want to touch on the preemption piece because that deals with the addition. Just from what you just said, you are bringing a habeas petition saying that the military courts did not have jurisdiction. Correct. So why is it their burden to prove that there was jurisdiction if you brought the habeas petition? I have to quote the Supreme Court in McCleary v. Deming, 186 U.S. at 63, quote, there are no presumptions in favor of court martial jurisdiction. Yes. And since you brought the petition, don't you have to show that they didn't have jurisdiction in order to prevail? I think I make a facial showing, but once I make the facial showing, it's their burden to prove that jurisdiction existed. Your Honor, I just wanted to briefly attach, briefly address the preemption and lack of assimilation. And now the additional charge. The additional charge is not assimilated because 18 U.S.C. 113C covers the same conduct. United States v. Sturgis, a Fourth Circuit case, and the allegation occurred in Virginia in the Fourth Circuit, indicates that the general federal assault statute can be used to prosecute the same misconduct. Further, the state offense of infected sexual battery is preempted. And a preempted offense does not make it into the USMJ because Congress required in Article 134 the offense to not be specifically mentioned in the code. And because the president, the mandatory court martial, said convening authorities cannot refer preempted offenses. So as a double matter, the additional charge did not make it into the UCMJ. I'm a little confused by this argument to the extent that its premise is that the conduct charged was covered by federal law. And yet your principal argument just a few minutes ago is that it isn't covered by federal law and therefore, among other things, there's no jurisdiction and your client lacked notice. So isn't the premise of your preemption argument also fatal to your client's claim? I know, Your Honor, because at the time of the offenses, if what the government says is correct, the charges were covered by Article 128, simple assault, assault consummated by a battery rather. They weren't covered by Article 120, but they were covered by Article 128. So the offense was preempted by Article 128, assault consummated by a battery. That charge was dismissed eventually with prejudice. But would it have been dismissed if your argument had prevailed at the time? So is this sort of a double jeopardy argument that it wouldn't have helped you if it was pointed out at the time of charging, but it helps you now? Well, if it was pointed out after referral when the government couldn't, after referral when the government couldn't, without my client's consent, amend the charges without withdrawing, dismissing, and re-preferring, then the court-martial would have been obliged to dismiss the charge and to dismiss the additional charge. But military case law is clear. Matter is jurisdictional both as to assimilation and as to preemption, and the charge was both preempted and not assimilated. Any questions from members of the court? Thank you, counsel. Thank you to both counsel. We'll take this case under submission.
judges: Srinivasan; Pillard; Pan